## CHARLES G. MORAN v. ENOS LEBOT.

*Infants—Evidence—Deed—Estoppel.*

1. The further illiterate and densely ignorant persons are removed from events, the more uncertain and unreliable is their testimony regarding the same.

2. Where a bill is filed to remove a cloud from title, caused by the execution of a later deed to the defendant by the complainant's grantor, the fact that the parties in the bill and answer claim title from a common grantor is a complete answer to an objection to a decree in favor of the complain-

ant that there was no evidence of title or possession in the grantor at the time he executed the deed to the complainant.

3. The sole issues presented by the pleadings are, was the common grantor of age when complainant's deed was executed? and, if not, had he confirmed the deed by his conduct after becoming of age, and before conveying the land to the defendant? And it is held that, upon the whole record, the decree in favor of the complainant must be sustained.

Appeal from Wayne. (Gartner, J.) Argued October 27, 1893. Decided November 10, 1893.

Bill to remove a cloud from title. Defendant appeals. Decree affirmed. The facts are stated in the opinion.

*W. F. Atkinson,* for complainant.

*John Ward,* for defendant.

GRANT, J. The object of the bill filed in this cause is to remove a cloud from title. The cloud is alleged to consist of a deed from John LaForge, the common grantor of both parties, executed September 15, 1888, to defendant, the complainant's deed having been executed January 12, 1882. Proofs were taken in open court, and a decree rendered for complainant.

1. The first objection to the decree is that there was no evidence of title or possession in John LaForge at the time of the deed to complainant. The complete answer to this is that both parties in this bill and answer claim title from the same grantor. Defendant, in his answer, admits the execution of the deed to complainant, alleges that John LaForge was a minor at the time of its execution, and that the deed to defendant was executed after he became of age, by reason of which the former deed was disaffirmed. The sole issues, therefore, presented by the pleadings are: (1) Was John of age when complainant's deed was executed? and, (2) if not then of age, had he confirmed the deed by his subsequent conduct?

2. The deed to complainant was executed in the presence of John's father, mother, and his two sisters. John and his father and mother then stated to complainant that he was 22 years old. The witnesses on the question of his age are his aunt, mother, and sister. Defendant's counsel states in his brief that these witnesses "were illiterate and densely ignorant. They could recollect occurrences in the family, and a date, occasionally, in part, but the lapse of time and reckoning of years was beyond their comprehension." This statement is fully justified by the evidence. The further in time that such persons are removed from events, the more uncertain and unreliable is their testimony. All these witnesses were more likely to be correct in their statement in 1882, when the deed was made, than in 1892, when they testified. The aunt testified that John and his two sisters were born before her father died. He died in 1858. If this be true, then John was of age in 1882.

Defendant relies mainly upon the following record of baptism:

"On the 20th day of July, 1862, Hieronymus Aurelius Antonius LaForge was baptised; born 14th day of July, 1862; son of Gideon William LaForge and Flavia Allard."

This was certified to by the pastor of St. Paul's Catholic Church, Grosse Pointe.[1] But the identification of this record with John or Jacques LaForge is by no means certain.

On the whole record, we think the decree must be sustained, with costs.

The other Justices concurred.

---

[1] See *Durfee v. Abbott*, 61 Mich. 471; *Hunt v. Order of Chosen Friends*, 64 Id. 671.